```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────
DISTRICT COUNCIL OF NEW YORK CITY
AND VICINITY OF THE UNITED                    24-cv-7273 (JGK)
BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,                           MEMORANDUM OPINION
                        Petitioner,           AND ORDER

        - against -

HOMERIC CONTRACTING CO. INC. D/B/A
HOMERIC CONTRACTING,
                        Respondent.
───────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("the Union") has filed a petition to confirm an arbitration award ("Petition" or "Pet."). See ECF No. 1. The respondent, Homeric Contracting Co. Inc. ("Homeric Contracting" or "the Employer") has not opposed the Petition. In addition to moving for summary judgment to confirm the award, the petitioner seeks attorney's fees, costs, and prejudgment interest. For the reasons outlined below, the Petition is **granted**.

**I.**

The following uncontested facts are taken from the Petition and the documents submitted in support of the Petition.

The Union is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5). Pet. ¶ 1. Homeric Contracting is an employer within the meaning of Section 2(2) of

the LMRA, 29 U.S.C. § 152(2). Id. ¶ 2. This Court has jurisdiction over the Petition pursuant to Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

At all relevant times, Homeric Contracting was subject to a collective bargaining agreement, known as the New York City School Construction Authority Project Labor Agreement (the "PLA"). See ECF No. 26, Ex. J ("PLA"). In December 2023, a dispute between the parties arose out of work Homeric Contracting performed at P.S. 230Q at 53-11 Springfield Boulevard, in Queens, New York. See Pet. ¶¶ 6, 8. Specifically, the Union contested Homeric Contracting's failure to use the Union's job referral service—the Out of Work List, its failure to have a carpenter shop steward onsite for work the respondent performed on December 4, 2023 and December 6, 2023, and its employment of non-bargaining unit employees to perform bargaining unit work on December 6, 2023—all in violation of the PLA. Id. ¶ 8.

The PLA provides for final and binding arbitration of disputes between the parties, names an arbitrator to hear disputes, and provides that fees and expenses of arbitration should be borne equally by the union and the contractor. Id. ¶ 7; see PLA art. 9, § 1. Accordingly, Arbitrator Richard Adelman held a hearing on May 15, 2024. Pet. ¶ 9; Pet., Ex. C ("Award"). Despite receiving notice, Homeric Contracting failed

2

to appear, and the arbitrator found that Homeric Contracting violated the PLA by failing to use the Out of Work list, failing to employ a shop steward for work performed on December 4, 2023, and failing to employ a shop steward and five other unit employees on December 6, 2023. Pet. ¶¶ 10-12.

In an order dated May 28, 2024, the arbitrator directed Homeric Contracting to pay $440.40 to the Union, representing eight hours of pay at a rate of $55.05 per hour; and $384.88 to the New York City District Council of Carpenters Benefit Funds ("the Fund"), representing eight hours of pay at a rate of $48.11 per hour. Id. ¶ 12; Award at 2-3. Both payments redressed the violations from December 4, 2023. For the violations on December 6, 2023, the arbitrator directed Homeric Contracting to pay $2,202 to the Union, representing 40 hours of pay at a rate of $55.05 per hour; $440.40 to Christian Castro—who would have been one of the six unit members employed on the job, representing 8 hours of pay at a rate of $55.05 per hour; and $2,309.28, representing 48 hours of pay at a rate of $48.11 per hour, to the Fund. Id. The arbitrator also directed the parties to share the $1,700 cost of the arbitrator's fees, pursuant to the terms of the PLA. Award at 3; PLA at art. 9, § 1. Homeric Contracting's share of the arbitrator's fee was $850.

On June 5, 2024, the Union sent Homeric Contracting a letter demanding payment and informing Homeric Contracting that

3

if payment was not received by June 7, 2024, the Union would move to confirm the Award in federal court. Pet. ¶ 14; Pet., Ex. D. Homeric Contracting has not yet paid any amount of the Award.

## II.

Homeric Contracting failed to respond to the Petition. However, the Court must do more than simply issue a default judgment in favor of the petitioner. The Court of Appeals for the Second Circuit has explained that a default judgment is generally inappropriate in a proceeding to confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record . . . [and] the petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing

4

law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also N.Y.C. Dist. Council of Carpenters v. Reilly Partitions, Inc., No. 18-cv-1211, 2018 WL 2417849, at *2 (S.D.N.Y. May 29, 2018).

### III.

Section 301 of the LMRA grants federal courts jurisdiction over petitions brought to confirm labor arbitration awards. Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 88 (2d Cir. 1998). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36 (1987); see also Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n, 820 F.3d 527, 536 (2d Cir. 2016). Instead, "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Int'l Brotherhood of Elec. Workers, Local 97 v. Niagra Mohawk Power Corp., 143 F.3d 704, 713 (2d Cir. 1998) (quoting Misco, 484 U.S. at 38); see also Nat'l Football League Mgmt. Council, 820 F.3d at 536. Accordingly, an

5

arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. U.S. Steel & Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985).

In this case, the arbitrator's award was not the arbitrator's "own brand of industrial justice." See Misco, 484 U.S. at 36 (quoting United Steelworkers v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)). The arbitrator deliberated and concluded, based on the uncontroverted evidence, that the respondent failed to comply with the PLA. In doing so, the arbitrator did not act outside the scope of his authority. Based on the limited review that applies to an unopposed petition to confirm an arbitration award, there is no genuine dispute of material fact and the arbitrator's award should be confirmed.

**IV.**

The petitioner also seeks to recover attorney's fees and costs arising out of this petition, as well as prejudgment interest at the statutory rate.

Courts "routinely award[] attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. All. Workroom Corp., No. 13-cv-5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013); see also Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir.

6

1985) (where a party "refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may be properly awarded.").

The attorney's fees sought in this case are reasonable. In support of the petitioner's claim for attorney's fees, the petitioner's counsel submitted a description of the tasks completed, the hourly billing rates, and the total hours billed. See Sigelakis Decl., Ex. G, ECF No. 19. The petitioner seeks $1,920 for 6 hours and 40 minutes of work, for which the petitioner's counsel billed the services of a partner at a rate of $300 per hour. Sigelakis Decl. ¶ 25-26.[1] The rates billed and time expended on this action by the petitioner's counsel are reasonable. See Trs. of Dis. Council No. 9 Painting Indus. Ins. Fund v. Pal AMG Inc., No. 22-cv-6105, 2023 WL 2786821, at *5 (S.D.N.Y. Apr. 5, 2023) (approving attorney's fees that billed an associate attorney at a rate of $300 per hour); Dis. Council No. 9, Int'l Union of Allied Painters and Allied Trades, AFL-CIO v. Impact Storefront Designs, No. 22-cv-10519, 2023 WL 3818408, at *3 (S.D.N.Y. June 5, 2023) (same). Because the rates billed and time expended on this action by the petitioner's counsel are

---

[1] 6 hours and 40 minutes of work billed at a rate of $300 an hour amounts to $2,000. However because the $1,920 that the petitioner seeks is less than $2,000, the Court will use the amount sought by the petition.

7

reasonable, the Court grants the petitioner's request for $1,920 in attorney's fees.

Additionally, the petitioner requests costs. Courts routinely permit the recovery of costs for filing and service fees. See N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc., No. 16-cv-1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases). Accordingly, the Court grants the request for $659.83 in costs. See Sigelakis Decl., Ex. H.

The petitioner also requests prejudgment interest dating from one day after the deadline set in the petitioner's demand letter—or June 8, 2024. "Whether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts." Lodges 743 & 1746, Int'l Assoc. of Machinists v. United Aircraft Corp., 534 F.2d 422, 446 (2d Cir. 1975), cert. denied, 429 U.S. 825 (1976). The Second Circuit Court of Appeals has observed that in the context of petitions to confirm arbitration awards there is a "presumption in favor of pre-judgment interest." Waterside Ocean Navigation Co. v. Int'l Navigation Ltd., 737 F.2d 150, 154 (2d Cir. 1984). Accordingly, courts in this District "have exercised their discretion to award prejudgment interest when confirming arbitration awards under collective bargaining agreements pursuant to [Section] 301

8

of the LMRA," when the collective bargaining agreement indicates that the arbitration award is final and binding. Service Emps. Int'l Union, Local 32 BJ, AFL-CIO v. Stone Park Assocs., LLC, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) (collecting cases). Moreover, the "common practice among courts within this Circuit is to grant interest at a rate of 9%, the rate of pre-judgment interest under New York State law." Id. (citing N.Y. C.P.L.R. §§ 5001–5004). In this case, the PLA provided that arbitration of disputes between the parties would be final and binding, and the petitioner is therefore entitled to prejudgment interest at the statutory rate. See Pet. ¶ 7; PLA at art. 9 § 1.

## CONCLUSION

The petition to confirm the arbitration award is granted. The Clerk is directed to enter judgment as follows:

1) In the amount of $440.40, allocated to Christian Castro; $2,642.40, allocated to the Union; $2,694.16, allocated to the NYCDCC Benefit Funds; and $850.00, allocated to Arbitrator Richard Adelman; plus prejudgment interest at the statutory rate accruing from June 8, 2024;

2) Attorney's fees in the amount of $1,920.00;

3) Court costs in the amount of $659.83; and

The Clerk is further directed to close this case and to close any pending motions.

    SO ORDERED.

Dated:    New York, New York
           January 28, 2025

                                              John G. Koeltl
                                      United States District Judge